IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

In re:   *
  *   Chapter 13
**Brenda Sanders Poole**   *
  *   Case No.:
Debtor(s).   *

# CHAPTER 13 PLAN

> **CREDITOR'S RIGHTS WILL BE AFFECTED BY THIS PLAN. THIS PLAN CONTAINS EVIDENTIARY MATTER WHICH, IF NOT CONTROVERTED, MAY BE ACCEPTED BY THE COURT AS TRUE. YOU SHOULD READ THIS AND OTHER DOCUMENTS SENT TO YOU CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY**
>
> **CREDITORS CANNOT VOTE ON THIS PLAN BUT THEY MAY OBJECT TO ITS CONFIRMATION PURSUANT TO SECTION 1324 OF THE BANKRUPTCY CODE AND LBR 3015-2. ANY OBJECTION MUST BE IN WRITING, MUST STATE WITH PARTICULARITY THE GROUNDS FOR THE OBJECTION, AND MUST BE FILED WITH THE COURT AND SERVED UPON THE DEBTOR, DEBTOR'S ATTORNEY, AND THE TRUSTEE NOT LATER THAN SEVEN (7) DAYS PRIOR TO THE DATE FIXED FOR THE CONFIRMATION HEARING. THE COURT MAY CONFIRM THIS CHAPTER 13 PLAN AND ACCEPT THE VALUATIONS AND ALLEGATIONS.**
>
> **THIS PLAN DOES NOT ALLOW CLAIMS. CREDITORS MUST FILE A PROOF OF CLAIM TO BE PAID. CONFIRMATION OF THIS PLAN DOES NOT BAR THE DEBTOR, TRUSTEE, OR A PARTY IN INTEREST FROM OBJECTING TO A CLAIM.**

    ☒ Yes   ☐ No      Debtor (and Joint Debtor) Claims to be Eligible for Discharge

    ☐ Above Median Income Case      X   Below Median Income Case

1. Pursuant to 11 U.S.C. Chapter 13, debtor(s) shall pay to the Chapter 13 Trustee the sum of **$265.00** every **month** beginning **August 1, 2016.**

   The expected length of this plan is   **54**   months.

   An income order shall be sent to the following employer:    **Montgomery Public Schools**

   **Other Plan Funding Provisions:**

2. **Filing Fees.** The Filing fee as prescribed by LBR 1006-1 shall be paid as follows:

        Filing fee paid in full directly to the Clerk of Court with the petition
   ☐   Filing fee is being paid in installments pursuant to LBR 1006-1 directly to the Clerk of Court.
   X   Filing fee is being paid in installments pursuant to LBR 1006-1 through debtor's Chapter 13 Plan as follows:

   | | |
   |---|---|
   | Total Filing Fee | **$310.00** |
   | Initial Installment paid with filing of petition: | **$50.00** |
   | Remaining balance to be paid through Chapter 13 Plan: | **$260.00** |

3. **Attorney Fees For Debtor(s)' Bankruptcy Counsel.** Without specific application or order but subject to Court review, the Trustee is authorized to pay as an administrative expense of this case the debtor's attorney fee as follows:

|  |  |
|---|---|
| Total Attorney Fee | **$3,000.00.** |
| Amount Paid Prior To Filing | **$75.00** |
| Balance of Attorney Fee to be paid through Trustee | **$2,925.00** |

4. **Secured Claims Paid Through The Trustee**

**General Treatment of Secured Claims**: (1) **Secured Claims Not Subject to 11 U.S.C. Section 506**. Creditors holding a "910/365" claim (referenced in the "hanging paragraph" of Section 1325(a)) shall be paid in full the principal, payoff balance of it's claim on the terms listed below.

(2) **Determination of Allowed Secured Claims and Claim Modification**. Other than claims covered by sub-paragraph (1) above, the claims listed below are allowed secured claims only to the extent of the creditor's interest in the collateral as provided under 11 U.S.C. Section 506(a). Unless a creditor timely objects to confirmation, the value of the creditor's interest in the collateral shall be the amount of the allowed secured claim listed below, and it will be paid in full under the plan with interest at the rate specified below. The portion of any allowed claim that exceeds the amount of the allowed secured claim shall be treated as an unsecured claim under paragraph 13 of this Plan. If the amount of a creditor's allowed secured claim is listed as having no value, the creditor's allowed claim shall be treated in its entirety as an unsecured claim under Paragraph 13. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

(3) Holders of secured claims secured by personal property, to the extent the claim is attributable to the purchase of such property, will be paid monthly adequate protection payments prior to confirmation of this plan, to the extent that the Trustee receives a sufficient payment from the debtor prior to the administrative deadline for processing disbursements. Such adequate protection disbursements shall begin within 30 days after a legible executed Proof of Claim, complete with all documentation necessary to establish the nature and extent of the claimed lien and Creditor's entitlement to adequate protection payments, is filed with the Court and served on the Trustee, the debtor(s) and the debtor(s)' attorney. Adequate protection payments made prior to confirmation shall be applied against the principal amount of the allowed secured claim, and not against interest.

(4) Upon confirmation of this plan, secured creditors shall receive adequate protection payments along with the payment of the debtor's attorney's fees. At such time as the debtor's attorney's fees have been paid in full, the creditor's secured claim shall be paid its specified monthly plan payments on the terms and conditions set out below.

(5) Unless provided otherwise below, the monthly adequate protection payments shall be 1 % of the value of collateral.

(6) It shall be understood that during the course of this plan, the debtor(s) may make some monthly payments before the Trustee's monthly deadline and other payments after such monthly deadline, which may result in variation in timing and amount of disbursements to creditors, even if the debtor(s) are in full compliance with the terms of the plan. After payment of administrative expenses in accordance with the Distribution Guidelines, monthly disbursements on secured claims may increase. Consequently, payments on secured claims pursuant to this plan shall not be "periodic" in nature.

(7) If a post-confirmation interest rate is not specified below for a secured claim, such claim shall be paid at an annual rate of seven percent (6 %).

| Creditor | Collateral | 910/365? | Estimated Amount of Creditor's Total Claim | Value of Collateral | Amt of claims senior to creditor's claim | Amount of Secured Claim | Int. Rate | Sec 1326 PMSI? | Ade. Prot. Pmt | Mo Plan Pmt |
|---|---|---|---|---|---|---|---|---|---|---|
| **Guardian** | **07 Chev Impala** | **NO** | **$7,000** | **$3,750** | **$0** | **$3,750** | **5%** | **NO** | **$37** | **$110** |

5. **LONG TERM DEBTS MAINTAINED THROUGH TRUSTEE**

The Debtor proposes that the Trustee maintain the following long term debts through the Plan. The Trustee shall make payments prior to the confirmation of this Plan to all of the following long term creditors listed below. The Trustee shall commence making such payments to creditors holding allowed secured claims consistent with the Trustee's distribution process and only after the timely filing of a

proof of claim by such creditor. Unless otherwise ordered by the court, the amounts listed on a proof of claim or modification of a proof of claim filed before the filing deadline under Bankruptcy Rule 3002[c], or any notice of payment change filed under Bankruptcy Rule 3002.1(b) control over any contrary amounts listed below as to the current installment payment. The Trustee shall receive the percentage fee fixed under 28 U.S.C. Section 586(e) on all payments. Upon confirmation of this Plan said long term creditors will receive payments as set out below along with the payment of the Debtor's attorney fees. **Reference is made to Paragraph 24 containing Section 524(i) provisions.**

| Creditor | Collateral | Debt Amount | Collateral Value | Contractual Long Term Monthly Payments |
|---|---|---|---|---|
|  |  |  |  |  |

If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease and all secured claims based on that collateral will no longer be treated by the plan.

6. **PROPERTY TO BE ABANDONED/SURRENDERED** Debtor(s) shall abandon/surrender any interest he/she may have in the following collateral to the following creditors:

| Creditor | Collateral | Debt Amount | Collateral Value | 910/ 365 ? |
|---|---|---|---|---|
|  |  |  |  |  |

The automatic stay, and, if applicable, the co-debtor stay, shall lift upon confirmation of this Plan to allow such secured creditors to recover and liquidate under applicable non-bankruptcy law the collateral to be abandoned/surrendered. Any allowed deficiency claim shall be paid as an unsecured claim in accordance with Paragraph 13. Any secured claim submitted by such creditor will receive no distribution under this plan until an amended proof of claim is filed by such creditor giving the debtor credit and reducing such claim to account for liquidation of collateral.

**Notice is given that upon confirmation of this plan, debtor(s) is(are) specifically divested of any ownership interest in real estate being surrendered herein, and is(are) specifically authorized to execute, and record in the applicable probate office or other governmental office in charge of real estate records, a quitclaim deed releasing any interest the debtor(s) may have to mortgage holders, other lien-holders of record, home owners or condominium associations, or joint owners.**

7. **CURING DEFAULTS** Pursuant to 1322(b)(5), debtors shall cure defaults through the Trustee with the following creditors as follows:

| Creditor | Collateral | Arrearage Amt | Int. Rate | Specified Mo Pmt | Month to resume direct payments |
|---|---|---|---|---|---|
| Wells Fargo | 1373 Rosewood Dr | $3,000 | 5 % | $70 | August 2016 |

Unless otherwise provided herein, debtor shall resume direct payments with the next scheduled payment coming due after the filing of the petition herein. The amount of the default to be cured under this provision shall be the amount of the allowed claim filed by the creditor(s). The "arrearage amount" listed herein is an estimate, and in no way shall this estimate limit what the Trustee shall distribute to said creditor(s) under this plan to cure the default. **Reference is made to paragraph 24 containing Section 524(i) provisions.**

If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease and all secured claims based on that collateral will no longer be treated by the plan.

**Rule 3002.1 (e) Items**. Upon motion and a hearing, Notices filed pursuant to Bankruptcy Rule 3002.1(e) for reasonable fees, expenses or charges in connection with reviewing the plan and/or filing a proof of claim shall be deemed a proof of claim, and shall be paid as a cure of

the pre-petition default as provided in this paragraph. Debtor makes the following conditional provisions for payment of any such Rule 3002.1(e) amounts, reserving the right to seek determination of the reasonableness of any such charges:

| Creditor | Rule 3002.1(e) Noticed amounts for reasonable fees, expenses or charges in connection with reviewing the plan and/or preparing and filing proof of claim | Specified Monthly Payment |
|---|---|---|
| Wells Fargo | TBD | $10 |

Upon motion and a hearing, Notices filed pursuant to Bankruptcy Rule 3002.1(e) for reasonable fees, expenses or charges other than for filing a proof of claim, shall be deemed a proof of claim herein and, in the absence of a modified plan or court order, such fees, expenses or charges shall be paid as a cure of post-petition default as follows: such amount shall receive a specified monthly payment in an amount sufficient to pay such amount over the remaining term of this plan with the specified monthly payment not being less than $5.00.

**8. DIRECT PAYMENTS** The following secured creditors, or holders of long-term debt will be paid by debtor by direct payments to the creditor. The debtor shall make all pre-confirmation Section 1326 adequate protection payments directly to the following creditors pursuant to contractual terms. The debtor shall continue to make all payments directly to the creditor pursuant to contractual terms following confirmation of this plan. **Unless otherwise provided, the monthly payment listed below is not intended to alter the contractual payment amount, and is an estimate. If applicable, the monthly payment may increase or decrease as necessary to reflect changes in variable interest rates, escrow requirements, or similar matters.**

| Creditor | Collateral | Debt Amount | Collateral Value | Monthly Payment |
|---|---|---|---|---|
| **Wells Fargo** | **1373 Rosewood Dr** | **$54,000** | **$48,000** | **$427** |

Unless otherwise provided herein, debtor shall resume direct payments with the next scheduled payment coming due after the filing of the petition herein. Valid liens or mortgages on long term debts not discharged under this plan shall not be affected by the discharge to be entered in this case. **Reference is made to Paragraph 24 containing Section 524(i) provisions.**

**9. Domestic Support Obligations**

    __XXX___ None (No pre-petition or post-petition domestic support obligations owed)

    A. Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.
    B. Anticipated Domestic Support Obligation Arrearage Claims under Section 507(a)(1) will be paid in full (in deferred cash payments, except for priority claims under Section 507(a)(1)(B), unless the holder of the particular claim agrees to a different treatment of such claim, or the Court orders otherwise) through the Trustee at the same time as claims secured by real or personal property, arrearage claims secured by real or personal property, and arrearage claims for assumed leases or executory contracts, as follows:

| **Creditor** | **Estimated Arrearage Amount** | **Interest rate** | **Monthly Payments** |
|---|---|---|---|
| | | | |

    C. Pursuant to Sections 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit, and shall be paid as follows:

| Creditor | Estimated Arrearage Amount | Monthly Payments |
|---|---|---|

**10. Other Priority Debts** shall be paid in full in deferred cash payments through the Trustee pursuant to Section 507 (unless claimant expressly agrees otherwise) as follows:

| **Creditor** | **Type of Priority** | **Estimated Priority Amount** | **Interest** | **Mo Pmt** |
|---|---|---|---|---|

**11. Executory contracts and/or leases receive the following designated treatment.** Executory contracts and/or leases not expressly rejected are accepted.

| Creditor | Collateral Description | Accept/Reject |
|---|---|---|
| | | |

For all executory contracts or leases being assumed by the debtor, the debtor shall make all pre-confirmation Section 1326 adequate protection payments directly to the Lessors pursuant to contractual terms. For all contracts assumed, the debtor shall continue to make all payments directly to the creditor pursuant to contractual terms following confirmation of this plan.

For rejected executory contracts, the automatic stay shall lift upon confirmation of this Plan to allow such creditors to obtain possession and dispose of its leased property under applicable non-bankruptcy law. Any deficiency claim shall be paid as an unsecured claim under Paragraph 13..

**12. Specially classified claims** shall be paid as follows:

| Creditor | Basis for Special Classification | Amount Specially Classified | Interest | SMP |
|---|---|---|---|---|
| | | | | |

**13. Unsecured claims.** Unless specially classified in Paragraph 12, nonpriority unsecured and unsecured portions of claims shall receive a pro-rata dividend as follows:

☐ PERCENTAGE PLAN. The following percent of allowed claims: **%**

XX POT PLAN. The following sum: **$2,000**

☐ BASE PLAN. The funds remaining after disbursements have been made to all other creditors provided for by this plan.

If timely filed allowed unsecured claims total less than the POT or BASE amount, allowed unsecured claims shall be paid in full.

**Comparison With Chapter 7.** The value as of the effective date of this Plan of property to be distributed under the Plan on account of allowed unsecured claims is not less than the amount that would be paid on such claim if the estate of the Debtor were liquidated under Chapter 7 of the Bankruptcy Code on such date. The estimated amount that would be distributed is this were a Chapter 7 would be **$0.00**

If this proposed dividend is less than 100%, debtors propose to pay to the Trustee all projected disposable income for at least the applicable commitment period, as required by Section 1325(b). The applicable commitment period is defined as follows: either (1) 3 years, if the current monthly income of the debtor and the debtor's spouse combined, when multiplied by 12, is less than the applicable median family income; or (2) Not less than 5 years, if the current monthly income of the debtor and the debtor's spouse combined, when multiplied by 12, equals or exceeds the applicable median family income.

Unless otherwise ordered by the Court, if debtor has a pre-petition (or acquires a post-petition) claim or cause of action against another, or reason to sue someone else, or is a member of a class action lawsuit, debtor pledges the net, non-exempt proceeds of any such claim, lawsuit, cause of action, etc. to the trustee, and the dividend payable to unsecured creditors shall increase to the extent necessary to comply with Section 1325(a)(4).

**14. OTHER PLAN PROVISIONS**

(a) **Lien Retention**. The holder of any allowed secured claim, other than a long-term claims treated in Paragraphs 5, 7 and 8, shall retain the lien until the earlier of (a) payment of the underlying debt determined under non-bankruptcy law, or (b) discharge under 11 U.S.C. Section 1328(a), at which time the lien shall terminate and be released by the creditor.

(b) **Vesting of Property of the Estate**. Unless otherwise ordered by the Court, upon confirmation of this plan debtor shall have possession, control and use of all property of the estate, subject to the requirements of Section 363 of the Bankruptcy Code. Property of the

estate shall remain property of the estate subsequent to confirmation of this plan. All property of the estate shall remain subject to the automatic stay unless otherwise provided by this plan or by order of the Court. Unless otherwise provided in this plan, upon discharge, all of the property of the estate shall vest in the debtor(s) free and clear of any liens, claims or interests of any creditor provided for by this plan.

( c) **Direct Payments by Debtor(s)**. Secured creditors, lessors, or holders of long-term debt to be paid directly by the debtor(s) may continue to mail to debtor(s) the customary monthly notices or payment coupons notwithstanding the automatic stay.

## 15. Important Notice Concerning Claims.

a. Unless otherwise ordered by the Court, **creditors must file a proof of claim in order to receive distributions from the Trustee under this plan.** The allowed secured claims of secured creditors shall be determined by the values of collateral established by this plan, the order of confirmation, or by other order of the Court, and not by values listed in proofs of claim. If a creditor is listed in this plan as secured but the creditor files a proof of claim as unsecured, the creditor shall be treated as unsecured for purposes of distribution and for other purposes under the plan.

b. Confirmation of this plan does not bar the debtor, trustee or a party in interest from objecting to a claim.

c. Notwithstanding anything to the contrary, failure of a creditor to attach written documentation to a proof of claim when such claim involves a debt based on a writing shall cause any such claim to be deemed disputed, such claim shall not constitute prima facie evidence of the validity and/or amount of the claim, and such claim shall be subject to disallowance upon written objection, notice, and opportunity to be heard. The debtor(s) reserves the right to object to any proof of claim that is not filed in strict compliance with Rule 3001 of the Bankruptcy Rules and furthermore reserves any and all claims, causes of action, offsets, recoupments or defenses the debtor(s) may have with respect to any such claim. Furthermore, to the extent a filed proof of claim is inconsistent with this Plan or with any of the Schedules or Statements filed in this case, then and in that event the debtor(s) reserves the right to object and to pursue any and all legal claims related to or arising out of the transactions or occurrences giving rise to and otherwise related to the said claim or claims. To the extent the debtor raises an objection to a filed proof of claim, or to a notice of transfer of a filed claim, or files any adversary proceeding related to such an original claim or a transferred claim, then and in that event this plan shall be deemed to be automatically amended so as to indicate that such a claim is disputed, contingent and unliquidated. The debtor also reserves to the estate of the debtor(s) all claims or causes of action he or it may have, could have or might have based on any claim filed with the Court in this case by any original creditor, assignee, purchaser, agent or transferee and nothing in this Plan or in these Schedules shall be deemed a waiver or release of any such claims or causes of action.

d. Pre-petition creditors added by amendment pursuant to Bankruptcy Rule 1009 shall be allowed to file claims and be paid as follows: such unsecured claims shall be paid according to the terms of paragraph 13 of this plan unless otherwise provided in the amendment; such secured claims shall be paid as provided in the amendment or a modification to the plan.

e. Post petition claims allowed under Section 1305 shall be paid in full. Unless specific terms of repayment are proposed by modification to this plan, allowed post petition claims shall be paid on such terms as the trustee, in his sole discretion, may determine.

## 16. Important Notice to Judgement Creditors

**Judgement creditors with recorded judgements who file a proof of claim as unsecured shall be judicially estopped from enforcing any non-avoided judicial lien after discharge is entered in this case. Any judgement creditor covered by this provision shall be deemed to have released any judicial lien upon discharge being entered in this case, and in the absence of a Court order, the following documents collectively may be recorded as evidence of a release of any such judicial lien: Bankruptcy petition, schedules and statement of affairs; Chapter 13 Plan; Order confirming plan; Proof of Claim filed by any such creditor; Motion for Discharge; and the Chapter 13 Discharge order.**

17. The plan filed by the debtor(s) herein specifically rejects, avoids, cancels and otherwise releases the debtor(s) from any and all contractual provisions, with any party or entity, which could or may impose on the debtor(s) any duty, requirement or obligation to submit any and all claims, demands, or causes of action of the debtor(s) or any defenses, affirmative or otherwise, of any nature whatsoever, whether known or unknown, and whether arising pre-petition or post-petition, to any form of binding arbitration or

alternative dispute resolution. Consequently, confirmation of this plan shall constitute a finding that any such clauses, conditions or provisions, whether arising under the Federal Arbitration Act or any state rule, statute, or regulation, are invalid, void and otherwise unenforceable as to the debtor(s) or the Chapter 13 Trustee.

18. Confirmation of this plan shall not prejudice the rights of the debtor or the trustee to bring actions to avoid liens or to avoid and recover transfers. Actions to avoid liens or to avoid and recover transfers must be initiated by separately filed motions or complaints.

    Pursuant to Section 522(f) of the Bankruptcy Code, the debtor(s) elects to avoid any and all judicial liens allowable under Section 522(f)(1), and any and all non-possessory, non-purchase money security interests allowable under Section 522(f)(2), and this Plan incorporates any motions to avoid such liens or security interests filed herein. Unless otherwise ordered by the Court, confirmation of this plan shall be deemed as an order granting any such motion of lien avoidance.

19. Creditors may not exercise a right of setoff without fully complying with the provisions of Section 362(d) of the Bankruptcy Code, unless otherwise provided in this plan.

20. The Court may, from time to time, during the payment period, increase or reduce the amount of any installment payments provided by the plan, or extend or shorten the time for any such payments, where it appears, after hearing upon such notice as the Court may designate, that the debtor's circumstances so warrant or require.

21. Unless otherwise provided below, for co-signed consumer debts not specially classified under Paragraph 12, the order of confirmation **shall not** be deemed as an order granting creditors holding co-signed debts relief from the co-debtor stay to collect from the co-debtors any amounts not to be paid under this plan.

    Upon confirmation, the co-debtor stay shall lift *only as to the following creditors*

| Creditor | Special Provisions/Limitations |
|---|---|
|  |  |

22. UTILITY SERVICE

    a. If debtor has included a debt for pre-petition utility service, debtor proposes to make the following security deposits within 20 days of the filing of the bankruptcy petition herein, as required by Section 366 of the Bankruptcy Code:

    Utility      Proposed Security Deposit      Other Provisions

    b. [This provision does not apply to debtors that do not have current utility service] Unless debtor provides for making a new security deposit for utility service in paragraph 10.a. above, the following provision shall apply: "Debtor desires to continue to pay pre-petition and post-petition utility service debt in the ordinary course of business in lieu of posting a deposit as adequate assurance of future payment under Section 366 of the Bankruptcy Code. Debtor acknowledges and agrees that the automatic stay does not bar a utility's efforts to collect pre-petition and post-petition utility service debt."

    c. Providing for the payment of a secured appliance debt through this Chapter 13 Plan shall not, in and of itself, entitle a utility to demand adequate assurance of future performance under Section 366 of the Bankruptcy Code.

23. Any creditor holding a claim secured by property which is removed from the protection of the automatic stay after confirmation of this plan, whether by judicial action, voluntary surrender, or through operation of the plan, will receive no further distribution from the chapter 13 trustee, unless an itemized proof of claim for any deficiency is filed within a reasonable time after the removal of the property from the protection of the automatic stay. Any such deficiency claim shall be paid as an unsecured claim in accordance with Paragraph 13, and failure to file a proof of claim for a deficiency shall cause any deficiency to be discharged upon entry of discharge in this case.

## 24. Section 524(i) Provisions.

**MORTGAGE and/or LONG TERM LIEN and/or DIRECT PAY** claim balances survive the plan.

Confirmation of the plan shall impose an affirmative duty on the holders and/or the servicers of any:
    claims secured by liens, mortgages and/or deeds of trust on the principal residence of the Debtors;

claims secured by a long-term liens on property other than the principal residence of the Debtors; or

any other claims provided in paragraphs 7 and 8 as being paid directly by Debtors;

to do all of the following:

(a) To apply the payments received from the trustee on the pre-petition arrearages, if any, only to such arrearages. For purposes of this plan, the "pre-petition" arrears shall include all sums included in the "allowed" proof of claim.

(b) The holders of claims proposed to be cured in Paragraph 7 of this plan shall adhere to and shall be governed by the following:

(I) *Pre-petition defaults*. If the debtor pays the cure amount specified in section 7, or in such greater or lesser amount as may be established by the creditor's proof of claim, while timely making all required post-petition payments, the mortgage and/or debt will be reinstated according to its original terms, extinguishing any right of the holder to recover any amount alleged to have arisen prior to the filing of the petition.

(II) Nothing in this plan, or otherwise, shall prevent either the debtor(s) or creditors covered by paragraph 24 from seeking a determination from this Court as to whether the debtor(s) is(are) contractually current on obligations covered by this paragraph. Requesting such a determination is governed by Bankruptcy Rule 3002.1.

(III) Nothing in this plan shall prevent the Court from entering orders providing for payment of a post-petition default, whether any such orders be the result of a motion to modify the plan post-confirmation, motion for relief from the automatic stay, or otherwise.

**25. PROVISIONS CONCERNING LOSS MITIGATION/MODIFICATION OF HOME MORTGAGES.**

a. Nothing in this plan shall be construed to alter, amend, modify or otherwise change the terms of a real estate mortgage secured only by the debtor's residence. Debtor may cure defaults in such mortgages as set out in Paragraph 7, and may maintain payments on such mortgages as set out in Paragraphs 5 or 8.

b. Nothing in this plan shall be construed to prohibit debtor(s) and a creditor from voluntarily modifying the terms of a real estate mortgage secured only by the debtor's residence. Nothing in this plan shall obligate a creditor to modify a real estate mortgage secured only by the debtor's residence.

c. Should debtor(s) request that a creditor modify the terms of a real estate mortgage secured only by the debtor's residence, any such creditor is authorized to communicate directly with debtor(s) concerning any such modification process, including, but not limited to: negotiating the terms of a loan modification; requesting information and documentation necessary for the loan modification process; execution of any documents necessary for a loan modification; and any other communications necessary for the modification process.

d. Should a creditor secured only by a real estate mortgage on debtor(s) residence approve a loan modification with debtor(s), and should said creditor and debtor(s) mutually agree to a loan modification, Bankruptcy Court approval of any such loan modification shall be required only if one or more of the following are present: (1) the loan modification increases the debtor's monthly mortgage payment (PITI payment); (2) the loan modification increases the interest rate and/or uses a variable interest rate; (3) the loan modification is not a permanent modification; (4) the loan modification extends the term of the mortgage loan more than 30 years from the date of the modification; (5) the debtor(s) receive any cash money as the result of the loan modification; (6) the loan modification requires additional collateral or security; or (7) the loan modification purports to grant relief from the automatic stay.

**26. Authorization for Direct Communication for Mortgage Loan Modification Requests**

Should debtor(s) request that a creditor modify the terms of a real estate mortgage secured only by the debtor's residence, any such creditor is authorized to communicate directly with debtor(s) concerning any such modification process, including, but not limited to: negotiating the terms of a loan modification; requesting information and documentation necessary for the loan modification process; execution of any documents necessary for a loan modification; and any other communications necessary for the modification process.

**27. Dodd-Frank Act Notices**

Notwithstanding the automatic stay, confirmation of this plan authorizes mortgage lenders/holders/servicers to send any and all notices, letters, statements, information, or any other communications of any nature required to be provided by the Dodd-Frank Act directly to the debtor(s). Debtor's attorney is not authorized to receive on behalf of the debtor any such notices, letters, statements,

information or other communications, and any such notices, letters, statements, information or other communications sent only to debtor's attorney shall be deemed not in compliance with the requirements of the Dodd-Frank Act.

28. Notwithstanding any contrary language elsewhere in the plan, debtor does not seek through the confirmation and consummation of this plan either a determination of the dischargeability of any debt or the discharge of any debt that is nondischargeable in a Chapter 13 case pursuant to Section 1328 of the Bankruptcy Code.

29. Nothing in this Plan shall relieve creditors, agents, attorneys, loan servicing companies, assignees, or debt collectors from complying with all applicable bankruptcy and non-bankruptcy laws, rules or regulations, or contractual obligations.

30. **Casualty Loss Insurance Proceeds (Substitution of Collateral).** If a motor vehicle is substantially damaged while subject to an unpaid secured claim, Debtor shall have the option, upon the filing of an appropriate motion, of using the proceeds of any insurance payable due to loss of the vehicle to: (i) repair the vehicle, (ii) pay off the balance of the secured claim if the secured creditor is a named loss payee on the policy, or (iii) substitute the collateral by purchasing a replacement vehicle. If Debtor purchases a replacement vehicle, the vehicle shall have a value not less than the balance of the unpaid secured claim, the lien of the creditor shall be transferred to the replacement vehicle, and the Trustee will continue to pay the allowed secured claim. Debtor may not incur a debt to purchase a replacement vehicle without Trustee and/or Court approval.

    30. Other provisions:

DATED: July 1, 2016

/s/ Brenda Sanders Poole
_____
DEBTOR

/s/ Earl Gillian, Jr.
Earl Gillian, Jr.
Bar ID#: ASB-9586-172E
Attorney for Debtor
1 Commerce Street, Suite 630
Montgomery, Alabama 36104
(334) 263-2306